UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DECALVIN SHUNTRELL RAPHIEL                CIVIL ACTION NO. 25-cv-1119

VERSUS                                                     JUDGE S. MAURICE HICKS, JR.

LLOYD PITCHFORD ET AL                          MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

DeCalvin Shuntrell Raphiel, who has filed several pro se cases in this court, filed this civil action in the small claims division of the Shreveport City Court. He named four individual defendants and asserted claims based on alleged credit reporting, identity theft, and the like. Trans Union, LLC removed the case based on federal question jurisdiction, noting Plaintiff's invocations of the Fair Credit Reporting Act. Before the court is Plaintiff's Motion to Remand (Doc. 8), which argues that Plaintiff pleads exclusively Louisiana law causes of action and that any federal citations in his complaint are for "supporting context only."

Except as otherwise expressly provided by Congress, any civil action brought in a state court over which the federal district courts have original jurisdiction may be removed by a defendant. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. The presence or absence of this "arising under" or "federal question" jurisdiction is governed by the well-pleaded complaint rule. Caterpillar, Inc. v. Williams, 107 S.Ct. 2425, 2429 (1987). "Under the well-pleaded complaint rule, a federal court does

not have federal question jurisdiction unless a federal question appears on the face of the plaintiff's well-pleaded complaint." Elam v. Kan. City S. Ry. Co., 635 F.3d 796, 803 (5th Cir. 2011).

Plaintiff acknowledges the well-pleaded complaint rule but contends that he "pleads exclusively Louisiana causes of action" and that any federal citations such as the FCRA "are supporting context only." His complaint does, however, plainly assert federal claims. It began with an allegation that the defendants "have violated multiple Fair Credit Reporting Acts Laws." It then specifically invoked the Fair Credit Reporting Act ("FCRA") and cites specific statutes within the Act that provide for the investigation of disputes, the furnishing of inaccurate data, and the like.

The civil cover sheet completed by Plaintiff in the city court asked him to identify the case type. Plaintiff checked a box for "FCRA/FDCPA Violations" along with every other box on the form. The form also asked for the Basis for Claim, and Plaintiff wrote, "Violations of federal laws including the Fair Credit Reporting Act (FCRA) Gramm-Leach-Biley Act and FDCPA." Plaintiff also invoked state law. His Verified Petition for Damages made multiple citations and references to claims under the FTCA, FCRA, and state law. It concluded with a list of 22 causes of action, ten of which specifically rely on federal law by reference to the name of a federal act and/or citation to a federal statute.

The court has original jurisdiction over Plaintiff's civil action because his well-pleaded complaint plainly asserted federal claims on its face. Plaintiff's characterization of the federal law references as providing "supporting context only" is not supported by a review of his complaint. He plainly and specifically invoked federal law in multiple places

and asserted multiple claims or causes of action under those federal laws. Accordingly, the court has original jurisdiction over the federal law claims and supplemental jurisdiction over the related state law claims. 28 U.S.C. § 1367(a). Plaintiff's **Motion to Remand (Doc. 8)** plainly lacks merit and is **denied**.

If Plaintiff wishes to have this case remanded to city court by relying exclusively on state law, he may file an Amended and Restated Complaint that (1) deletes all federal claims and references to federal law, (2) leaves nothing but state law claims in the complaint, and (3) includes a specific statement that "Plaintiff relies exclusively on Louisiana law and does not assert any claims or causes of action based on federal law."

Such an Amended and Restated Complaint will supersede the original complaint, so it will be as if the federal claims in the original complaint never existed. This court will then lose its original and supplemental jurisdiction and must remand the case. Royal Canin U. S. A., Inc. v. Wullschleger, 145 S. Ct. 41, 289 (2025).

Plaintiff is allowed until **August 25, 2025** to file such an Amended and Restated Complaint if he wishes to pursue that course. If he files such a pleading and the court finds that it is completely lacking in references to federal law and includes the quoted statement above about exclusive reliance on state law, then the court will remand this case to city court. But the court warns that if Plaintiff states that he is relying solely on state law but continues to invoke federal statutes, or otherwise attempts gamesmanship or abuse of the system, the court may strike the pleading, impose sanctions, or take other steps as necessary to deter such actions.

In light of this procedural development, the court grants an extension of time until **September 12, 2025** for any defendant who has been served to file an answer or other responsive pleading or motion.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 12th day of August, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge