UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DECALVIN SHUNTRELL RAPHIEL      CIVIL ACTION NO. 25-cv-1119

VERSUS      JUDGE S. MAURICE HICKS, JR.

LLOYD PITCHFORD ET AL      MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Decalvin Shuntrell Raphiel ("Plaintiff") filed this civil action in Shreveport City Court, and it was removed to this court based on federal question jurisdiction. Defendant Lloyd Pitchford filed and served a motion to dismiss on September 11, 2025. Rule 15 allowed Plaintiff the opportunity to file an amended complaint within 21 days after service of the motion. Plaintiff filed an amended complaint, but he waited one day after the deadline to do so. The proposed amended complaint (Doc. 36) lists in its caption defendant Trans Union, LLC and Experian Information Solutions, Inc. It does not identify any other defendants.

Mr. Pitchford filed a Motion to Strike Plaintiff's Amended Complaint (Doc. 43) on the grounds that it was untimely and filed without consent of the defendant or leave of court. Mr. Pitchford also complained that Plaintiff changed the defendant designation from Mr. Pitchford to Experian, although Mr. Pitchford should have been happy about that; an amended complaint that omits a defendant is equivalent to dismissal of that defendant. Mann v. City of Bossier, 2024 WL 4277461 (W.D. La. 2024). Plaintiff responded that he merely made a one-day timing error and urged that leave to amend be allowed based on

the liberal Rule 15 policy. Plaintiff also filed a Motion for Leave to Ratify Amended Complaint (Doc. 51) by which he seeks to cure his error.

Pitchford's **Motion to Strike Plaintiff's Amended Complaint (Doc. 43)** is **granted** because Plaintiff filed his amended complaint (Doc. 36) beyond the time limit and without consent of the defendant or leave of court. The amended complaint (Doc. 36) is stricken and of no effect. Plaintiff's **Motion for Leave to Ratify Amended Complaint (Doc. 51)** is **denied**.

In light of the policy that generally favors filing an amended complaint in an effort to cure defects noted in a motion to dismiss, and considering the early stage of the case and the lack of a scheduling order or amended pleadings deadline, Plaintiff is allowed until **December 29, 2025** to file a motion for leave to amend his complaint. Any such amendment will be treated as an amended and restated complaint that supersedes all prior complaints.

The proposed amended complaint should (1) specifically identify the defendant(s) that Plaintiff intends to sue and (2) state clearly and concisely Plaintiff's best case in support of the claims that he wishes to pursue. Any current defendant who is not named in such an amended complaint will be deemed to have been dismissed from this case if leave to amend is granted. For example, if Plaintiff chooses to sue Experian rather than Mr. Pitchford, then Mr. Pitchford will be deemed dismissed and his motion to dismiss will be denied as moot. Similarly, Plaintiff has stated that he wishes to sue Trans Union, LLC rather than Tiffani Chambers. This is his chance to make that clear. For that reason, **Plaintiff's Motion to Re-Serve Proper Defendant (Doc. 41) is denied**.

Unless all defense counsel indicate their consent to any such proposed amendment, the motion for leave to amend will be noticed for briefing to present a reasonable opportunity for the defendants to respond. If the only objection that defense counsel have is their perceived futility of the proposed claims, then leave to amend will be granted, and the defendants can make their futility arguments in motions to dismiss or for summary judgment. If Plaintiff does not file a motion for leave to amend by the December 29 deadline, then he will have to stand on his original complaint. No further amendments will be allowed absent a showing of good cause.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 11th day of December, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge