**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| DECALVIN SHUNTRELL RAPHIEL | CIVIL ACTION NO. 5:25-cv-1119 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| TRANS UNION LLC AND EXPERIAN INFORMATION SOLUTIONS, INC. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court are four motions: Trans Union LLC ("Trans Union") and Experian Information Solutions, Inc. ("Experian") (collectively "Defendants") have each filed a Motion to Dismiss Plaintiff's Second Amended Complaint (Record Documents 60 & 68), Plaintiff Decalvin Shuntrell Raphiel's ("Raphiel") Motion for Partial Summary Judgment (Record Document 88), and Raphiel's Motion to Correct the Record and Clarification of the Complete Relief Sought (Record Document 107). Both Defendants' Motions to Dismiss for Failure to State a Claim and Raphiel's Motion for Partial Summary Judgment have been opposed. See Record Documents 63, 73, & 98. The motions are now ripe for ruling.

Defendants' Rule 12(b)(6) motions assert Raphiel's Second Amended Complaint should be dismissed in its entirety for failure to state a plausible claim upon which relief may be granted. See Record Documents 60 & 68-1. For the reasons stated below, Defendants' Motions to Dismiss are **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**. Additionally, Raphiel's Motion for Partial Summary Judgment and Motion to Correct the Record and Clarification of the Complete Relief Sought are thereby rendered **MOOT** and therefore are **DENIED**.

## BACKGROUND

Raphiel filed his initial complaint pro se in Shreveport City Court against Lloyd Pitchford (Chief Financial Officer of Experian's parent company) and other executives alleging twenty-two causes of action based on the Fair Credit Reporting Act ("FCRA"), multiple additional federal statutes, along with Louisiana statutory and common law. See Record Document 1-2. The case was removed to this Court based on federal question jurisdiction under 28 U.S.C. § 1331 on August 5, 2025. See Record Document 1. Three days later, Raphiel moved to remand the case to Shreveport City Court (Record Document 8), which the Court denied on August 12, 2025, providing Raphiel with the opportunity to amend his complaint by August 25, 2025. See Record Document 13.

When Raphiel failed to file an amended complaint, Defendant Lloyd Pitchford ("Pitchford") filed a Motion to Dismiss under Rule 12 for lack of personal jurisdiction, insufficient service of process, and failure to state a claim on September 11, 2025. See Record Document 21. On October 3, 2025, Raphiel filed an amended complaint containing only FCRA claims, listing Experian as a defendant and omitting Pitchford. See Record Document 36. On November 4, 2025, Pitchford filed a Motion to Strike Raphiel's amended complaint on the grounds that it was filed beyond the time limit for amendment as a matter of course and without leave of court or consent from any defendant in violation of Rule 15 of the Federal Rules of Civil Procedure. See Record Document 43. The Court granted the Motion to Strike on December 11, 2025, and provided Raphiel with a final opportunity to amend his complaint by December 29, 2025. See Record Document 54.

Raphiel failed to file a Second Amended Complaint prior to the December 29, 2025 deadline. It was not until January 6, 2026, that Raphiel filed his Second Amended

Complaint, in which he formally substituted Experian as a defendant in the place of Pitchford. See Record Document 55. The Court granted Raphiel's Motion for Leave to File a Second Amended Complaint on January 7, 2026. See Record Document 56.

On January 21, 2026, Trans Union filed a Motion to Dismiss Raphiel's Second Amended Complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 60. Shortly thereafter, on February 25, 2026, Experian similarly filed a Motion to Dismiss Raphiel's Second Amended Complaint in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 68.

**LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. When ruling on a Rule 12(b)(6) motion, courts must accept all allegations in a complaint as true. See

id. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678-79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

Here, Raphiel's Second Amended Complaint alleges three causes of action against Defendants under the FRCA: (1) Defendants failed to follow reasonable procedures to assure maximum possible accuracy, as required by 15 U.S.C. § 1681e(b); (2) Defendants failed to conduct a reasonable reinvestigation following Raphiel's dispute, as required by 15 U.S.C. § 1681i(a); and (3) Defendants improperly reinserted previously deleted information without full statutory notice, as required by 15 U.S.C. § 1681i(a)(5). See Record Document 55-1.

The United States Court of Appeals for the Fifth Circuit has held that as a threshold requirement to a § 1681i claim, it must be shown that the reported information was, in fact, inaccurate. See Reyes v. Equifax Info. Servs., L.L.C., 140 F.4th 279, 286 (5th Cir. 2025). Likewise, to successfully state a claim under § 1681e(b) the plaintiff must include sufficient factual allegations to plausibly allege that the consumer reporting agency's report was inaccurate. See Hammer v. Equifax Info. Servs., L.L.C., 974 F.3d 564, 568-69 (5th Cir. 2020). See also Reyes, 140 F.4th at 286 n. 6 (quoting Chaitoff v. Experian Info. Sols., Inc., 79 F.4th 800, 811 (7th Cir. 2023)). Generally, an item of information is "inaccurate" within the meaning of the FCRA "either because it is patently incorrect, or because it is misleading in such a way and to such an extent that it can be expected to

adversely affect credit decisions." Reyes, 140 F.4th at 285 (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)).

Raphiel's Second Amended Complaint alleges that Defendants reported "inaccurate and/or misleading [information], including but not limited to: inconsistent balances, incorrect account status, improper reinsertion after deletion, and failure to reflect disputed status." Record Document 55-1 at ¶ 11. Further, Raphiel alleges that he "timely disputed the accuracy and completeness of [the disputed] tradelines with Defendants." Id. at ¶ 8. Later, in Raphiel's Opposition to Defendant's Motion to Dismiss, he states that his "allegations are tied to identifiable accounts and identifiable reporting defects." Record Document 73.

While Raphiel's Second Amended Complaint identifies the tradelines on which Defendants allegedly reported, Raphiel fails to set forth any facts regarding Defendants' alleged misconduct. See id. at ¶ 7. For example, the complaint fails to identify any inconsistent balance, the account status, what the account status allegedly should have been, any specified changes in account status, any information deleted and later reinserted, or facts indicating Defendants failed to reflect the disputed status. Further, Raphiel fails to allege any information regarding the accounts in dispute, what it is he disputes with regard to those accounts, the date on which he filed the dispute with Defendants, the content of the dispute, or any response or action taken by Defendants.

Additionally, the complaint lacks any factual basis to support Raphiel's claim that Defendants' reports were "inaccurate or misleading". See Record Documents 63 & 73. More specifically, there are no facts indicating how or why the reports were inaccurate or whether the report would be likely to mislead creditors.

"[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Twombly, 550 U.S. at 555. Likewise, a complaint that tenders "naked assertion[s]" devoid of "further factual enhancement" is insufficient. Id. at 557. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

As a result, Raphiel's Second Amended Complaint fails to satisfy the plausibility standard required under Rule 8(a)(2) due to the failure to plead sufficient factual content to allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. See id. More specifically, Raphiel's complaint fails because it declines to identify any reported information that was, in fact, inaccurate. See Reyes, 140 F.4th at 286. To satisfy the plausibility standard Raphiel needed to set forth facts supporting his claim that the information reported by Defendants was either patently incorrect, or identify information that is misleading in such a way and to such an extent that it could be expected to adversely affect credit decisions. See Reyes, 140 F.4th at 285 (quoting Sepulvado v. CSC Credit Servs., Inc., 158 F.3d 890, 895 (5th Cir. 1998)).

Accordingly, Defendants' Motions to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) are **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Defendants' Motions to Dismiss With Prejudice (Record Documents 60 & 68) are **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Raphiel's Motion for Partial Summary Judgment (Record Document 88) is now **MOOT** and therefore is **DENIED**.

**IT IS FURTHER ORDERED** that Raphiel's Motion to Correct the Record and Clarification of the Complete Relief Sought (Record Document 107) is now **MOOT** and therefore is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 23rd day of September, 2026.

JUDGE S. MAURICE HICKS, JR.
UNITED STATES DISTRICT COURT